FILED
U.S. DISTRICT COURT
2019 AUG 29 | A II: 03
DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

RECEIVED CLERK
AUG 26 2019
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, SALT LAKE CITY DIVISION
351 South West Temple, Rm. 1.100
Salt Lake City, UT 84101
(801) 524-6100

| | | |
|---|---|---|
| ANDREW U. D. STRAW, | ) | |
| 700 12th ST NW STE 700 | ) | |
| PMB 92403 | ) | Case: **2:19-cv-00598** |
| Washington, DC 20005 | ) | Assigned To : **Kimball, Dale A.** |
| (802) 552-3030 | ) | Assign. Date : **8/26/2019** |
| *Plaintiff,* | ) | Description: **Straw v. Aon Plc** |
| v. | ) | |
| AON PLC, | ) | Hon. |
| 4001 South 700 East, STE 500 | ) | Judge Presiding |
| Salt Lake City, UT 84107 | ) | |
| (801) 264-6703 | ) | Hon. |
| *Defendant.* | ) | <u>Magistrate Judge</u> |
| | ) | Jury Trial Demanded |

## COMPLAINT

I, *plaintiff* Andrew U. D. Straw, for my Complaint against the defendant herein, complain that Aon cooperated with the Indiana Supreme Court and other insurance companies to discriminate against me and prevent me from having minimal malpractice insurance under the ADA and I seek damages for this:

## PERSONAL FACTS

1.    I incorporate by reference all of the averments and statements of

fact and law in the attached affidavit dated August 23, 2019.

2.    My residence is in the Philippines now. I have no office myself.

3. I have engaged in reform efforts to protect disability access. This is apparent from my website on my disabilities, which I incorporate by reference recognizing that I change this page as appropriate over time.

4. http://disability.andrewstraw.com/

5. I was illegally denied "Errors & Omissions Insurance" by Aon and its partner insurance companies. The evidence is in Exhibit 1, which is introduced in the affidavit and incorporated here by reference.

## DISABILITIES

6. I have severe physical and mental disabilities from public service per the affidavit. I hereby incorporate by reference the following documents from *Straw v. Village of Streamwood, et. al.*, 3:16-cv-50387 (N.D. Ill.): my affidavit regarding disabilities, Exhibit 4 in that case, and all evidence thereof mentioned in that affidavit, Exhibits 5-10. The x-rays of my broken legs and pelvis are easily seen on the webpage I set up to display my disabilities. http://disability.andrewstraw.com/

7. I have been adjudicated as disabled by Illinois Court of Appeals, which recognized that I am a disability rights public figure. *Straw v. Chamber*, 2015 IL App (1st) 143094-U (at *2).

2

8.     Further, the U.S. Department of Education forgave my $52,000 student loan due to my being on SSDI with severe disabilities.  This disability forgiveness was finalized on or about September of 2017.

9.     I am a disability rights political figure because I founded "Disability Party" on 2/5/2013 and it now has thousands of followers in the U.S.A. and abroad.

10.     The ADA Amendments Act of 2008 guarantees that mitigating or ameliorating treatments should be disregarded when considering the disability.  42 USC §12102(4)(E)(i).  The same standard is true of the Rehabilitation Act of 1973.

11.     The state of my right hip and right femur and left leg and ankle show that I would be in a wheelchair all the time without that metal keeping me together.  I am even missing a large portion of the top of my right femur from the total hip replacement, which includes a prosthetic partial femur.  I must be considered as a person who uses a wheelchair because I could be in that state with a single trip and fall, I have used a wheelchair in the past, and the ADA says I am in that "wheelchair-using state" forever **as a matter of law**.  42 USC §12102(4)(E)(i).

3

12.   I have sued the City of South Bend in Indiana and sought the assistance of the Federal Highway Administration's Office of Civil Rights in 2015. *Straw v. City of South Bend, et. al.*, 3:16-cv-342-JED-MGG (N.D. Ind.).  FHWA assisted me.

13.   FHWA said that blocking accessible features with snow is prohibited under the ADA, Title II.  (Exhibit 16, *Straw v. Streamwood*). I settled with South Bend years ago.  Similarly, I settled with Kane County, Illinois, on or about March 2017 due to that local government leaving a large pile of snow in 50% of its handicap parking serving the Election Board office when I was a congressional candidate there.

14.   These settlements are evidence that my ADA work in the N. District of Illinois and the N. District of Indiana is yielding results for people with disabilities.  I have also set an Illinois human rights precedent that businesses deliberately piling snow into handicap parking is discrimination on its face. *Straw v. Reposteria*, 2015CP3451 (Ill. Hum. Rts. Comm. 2019).  I had standing to do this because of my physical disabilities obtained from my sacrifice to 400+ Indiana courts.

15.   The Indiana Supreme Court has discriminated against me for the past *18 years* for the reasons I gave in *Straw v. Indiana Supreme Court,*

*et. al.*, 1:16-cv-3483-SEB-TAB (S.D. Ind.).  See also *Straw v. Indiana, et. al.*, 2019-147 (Vt.); *Andrew U. D. Straw v. State of Indiana, by Gov. Eric Holcomb*, 49D10-1907-PL-030392 (Marion County Superior Court #10).

16.    I am very sensitive and absolutely intolerant to disability discrimination and denial of my rights to accommodations and this increases the level of damages that are due here.

17.    My affidavit establishes my grounds for asking the following counts to be adjudicated:

### COUNT I: ADA Titles II & III & V

18.    This ADA case concerns an insurance company broker that only appears to offer insurance from companies that reject me and that rejection is based on discrimination for the reasons in my affidavit and above.

19.    Normally, an insurance company would fall under Title III, but in cooperating with the Indiana Supreme Court discrimination, which the Virginia State Bar called "a drive-by shooting," Aon has become a co-conspirator with the Indiana Supreme Court and its discrimination. That state court is so hostile to disability that it bans all disabled individuals from practicing law.  Ind. Rules of Admission & Discipline,

Rule 23, Sections 2(c) & 3(b). I have suffered from this discrimination for 18 years and when I complained about it in 2014, the Court's ADA coordinator retaliated against me and caused gargantuan injury that no ADA coordinator is permitted to do, by in the Midwest, it was permitted and even celebrated. In Re Straw, 68 N.E.3d 1070 (Ind. 2/14/2017). Please note that I have been suspended for over 2.5 years and the Indiana Supreme Court apparently only gives criminally drunk-driving judges reprimands. The reason is the Admission & Discipline rules that do not allow any disabled person to be a lawyer and that Court achieved that goal by dishonestly attacking me in immediate retaliation against my complaint. The cooperation with Indiana in denying me insurance simply enhances the damage. This collusion and refusal to consider the VSB rejection of the Indiana discipline makes this a Title II and Title V matter. 42 U.S.C. §§ 12132 & 12203. The federal regulations make it crystal clear that no one may retaliate. 29 C.F.R. § 35.134. This anti-retaliation regulation provision is explained on this website: http://www.ada.gov/reg2.html

20.   The damages I claim for the Title II & V violations match the amount of coverage I asked at $300,000 maximum. **TOTAL: $300,000**

## PRAYER FOR RELIEF

21.   I demand **$300,000** in compensatory damages for ADA Title II & V (also the regulations).  Cooperating with Indiana and inflicting yet more damage on the basis of that dishonest discipline must be compensated fully.  It is exceptionally stressful that I retained my Virginia license NEVER SUSPENDED but cannot get insurance due to Indiana's discrimination and the collusion of private companies with that public discrimination.

## DECLARATORY JUDGMENT

22.   I seek declaratory judgment that when a disabled lawyer seeks insurance in a state in which he was never disciplined is not rejected because of discipline he claims was discrimination in another state.

23.   Further, Title II damages have been granted up to $1 million in the past for state discrimination. *Barnes v. Gorman*, 536 U.S. 181 (2002). Those who collude are also at risk.  In effect, the discrimination here is a continuation of the retaliation against my 2014 ADA complaint to the ADA coordinator of the Indiana Supreme Court.  Hence, the applicability of Titles II/V of the ADA.

24.   The Technical Assistance Manual explains how these fit together.

25. **II-1.3000** Relationship to title III. Public entities are not subject to title III of the ADA, which covers only private entities. Conversely, private entities are not subject to title II. In many situations, however, **public entities have a close relationship to private entities** that are covered by title III, with the result that certain activities may be at least indirectly affected by **both titles**. https://www.ada.gov/taman2.html

26. Finally, I would ask for any other relief this Court and a jury may deem appropriate to achieve justice. If the Court or the jury believe more damages is appropriate, I would accept more than the above.

## INJUNCTION RELIEF REQUESTED

27. Injunction relief is obviously going to be necessary to force Aon to provide insurance without any discriminatory behavior. Insurance is covered by 42 U.S.C. § 12181(7)(F): "(F) a laundromat, dry-cleaner, bank, barber shop, beauty shop, travel service, shoe repair service, funeral parlor, gas station, office of an accountant or lawyer, pharmacy, **insurance office**, professional office of a health care provider, hospital, or other service establishment."

8

## JURISDICTION AND VENUE

28.    This Court has jurisdiction over this action under 28 U.S.C. § 1331, as it is a federal question action based on the ADA, Titles II & V.  Title III may be used for the injunction.  The disability discrimination falls under the Rehabilitation Act 1973 and *Barnes v. Gorman*, 536 U.S. 181 (2002).  The discrimination in lending is also a federal law violation, as is the violation of the right to travel under *Kent v. Dulles.*  The possible criminal violations explained in the affidavit show that restitution may also be grounds under federal law.

29.    Venue properly lies in the District of Utah under 28 U.S.C. §1391(b)(3), as the defendant is the United States.  The United States can be sued in any district.

I, Attorney Andrew U. D. Straw, certify that to the best of my knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, that the above statements and factual representations are true and correct under penalty of perjury. **Date: August 23, 2019**

Respectfully submitted,

s/ ANDREW U. D. STRAW
700 12th ST NW, STE 700
PMB 92403
Washington, D.C. 20005
Telephone: (802) 552-3030
andrew@andrewstraw.com

9

## CERTIFICATE OF SERVICE

I, Andrew U. D. Straw, certify that I filed the above COMPLAINT and AFFIDAVIT and 1 EXHIBIT and SUMMONS and a CIVIL COVER SHEET and *IFP* MOTION with AFFIDAVIT and MOTION FOR MARSHAL SERVICE and USM 285 FORM with the Clerk of this Court via U.S. Mail, First Class and Postage Prepaid, on **August 23, 2019**, and this will be served on all attorneys of record as well as permanently available through Pacer.gov.

Respectfully submitted,

s/ ANDREW U. D. STRAW
700 12th ST NW, STE 700
PMB 92403
Washington, D.C. 20005
Telephone: (802) 552-3030
andrew@andrewstraw.com
*Plaintiff,* Proceeding *Pro Se*
www.andrewstraw.com